**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CRIMINAL NO. 17-531 |
| | : | |
| | : | |
| DENNIS DAVIS, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**Younge, J.**                                                            **June 24, 2026**

Currently before this Court is a Motion to Vacate/Set Aside/Correct Sentence submitted by

Defendant Dennis Davis ("Defendant"), ECF No. 122 ("Motion"), and the Government's

Response in Opposition, ECF No. 123.[1] In his Motion, Defendant asserts that his appellate counsel

was ineffective in not seeking review of his sentence based on the Supreme Court's holding in

*Erlinger v. United States*, 602 U.S. 821 (2024) that a question pertinent to the application of the

Armed Career Criminal Act (ACCA) must be presented to a jury. As set forth in this memorandum,

Defendant's Motion is denied without further proceedings because Defendant was not prejudiced

by his attorney's failure to object to the trial court's application of the ACCA at sentencing.[2]

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing
system, which does not always match the document's internal pagination.

[2] The Court finds this Motion appropriate for resolution without oral argument.  Fed. R.
Civ. P. 78; L.R. 7.1(f).

1

## I.      Background

### A.      Factual Background[3]

In July 2017, Defendant was arrested in Middletown Township, Pennsylvania with a loaded handgun and drug paraphernalia. On March 5, 2020, Defendant was found guilty of one count of possession of crack cocaine with intent to distribute and one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). Because Defendant was convicted of possession of a firearm by a felon and his record included more than three prior convictions for serious drug offenses, the court considered him an armed career criminal under the ACCA. Defendant's prior convictions included:

1. On September 23, 2006, "during the course of a narcotics investigation in Bristol Township, the defendant sold crack cocaine to an undercover officer for $20." PSR ¶ 42.
2. On September 27, 2006, Davis was convicted of possession of 26 packets of crack with intent to distribute. PSR ¶ 41.
3. On April 9, 2013, "during the course of a narcotics investigation in Bristol Township, the defendant delivered .60 grams of crack cocaine to an individual operating as a confidential informant." PSR ¶ 47.
4. On May 1, 2013, "during the course of a narcotics investigation in Bristol Township, the defendant and another individual delivered .09 grams of crack cocaine to an individual operating as a confidential informant." PSR ¶ 46.
5. On May 6, 2013, "The defendant was in possession of approximately 5 grams of crack cocaine and $162. The defendant reportedly told officers that he purchased the crack cocaine for $315 and intended to re-sell it for a profit of $700 to $800." PSR ¶ 45.

As an armed career criminal, his offense level was thirty-four under the United States Sentencing Guidelines (USSG), § B1.4(b)(3)(A). The offense level thirty-four and criminal history category VI yielded a Guideline range of 262 to 327 months. Defendant was also subject to a

---

[3] The facts presented here are as stated in the Government's brief and are not disputed by the Defendant.

mandatory minimum of 180 months pursuant to 18 U.S.C. § 924(e). At the sentencing hearing on November 2, 2020, the Court adopted the guideline range in the PSR. The Court varied from the range pursuant to the § 3553(a) factors and sentenced Defendant to 192 months' imprisonment. Defendant is serving that sentence, with a minimum release date of February 14, 2034.

### B.      Procedural Background

Defendant filed an appeal, in which he asserted that the government presented insufficient evidence to support his conviction and that a mistrial should have been declared when a government witness referenced the nature of one of Defendant's prior convictions. On April 12, 2024, the Third Circuit affirmed the judgment against Defendant, noting that the Defendant had ninety-days, until July 8, 2024, to file a writ of certiorari to the Supreme Court.  No such filing was made. On April 8, 2025, Defendant filed this pro se motion under 28 U.S.C. § 2255, alleging his counsel was constitutionally ineffective for failing to timely file a writ of certiorari in the Supreme Court based on the Supreme Court's intervening June 21, 2024, decision in *Erlinger v. United States*, 602 U.S. 821 (2024). Defendant alleges that he was prejudiced by counsel's inaction and that if the writ of certiorari had been filed, then, per *Erlinger*, Defendant would be eligible for resentencing with a jury as the fact-finder regarding Defendant's status as an armed career criminal.

### C.      *Wooden*, *Erlinger* and the Armed Career Criminal Act

The Armed Career Criminal Act (ACCA) increases the sentencing guidelines for "a person who violates section 922(g) . . . and has three previous convictions" where each offense was "committed on occasions different from one another." 18 U.S.C. § 924(e). This status increases the mandatory minimum sentence for a 922(g) crime to fifteen years, and the maximum sentence to life imprisonment. On March 7, 2022, the Supreme Court held in *Wooden v. United States* that

3

determining whether crimes occurred on separate occasion requires a "multi-factored" inquiry that may depend on a "range of circumstances" including timing, location, and the character and relationship of the offenses. 595 U.S. 360, 369 (2022). However, it was not until June 21, 2024, that the Supreme Court decided in *Erlinger* that the Fifth and Sixth Amendments require that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion. *Erlinger*, 602 U.S. at 849.

## II.    Legal Standard

A prisoner in federal custody may move the sentencing court to vacate, set aside, or correct a sentence on grounds that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 (1962). If the prisoner is successful in their motion, the Court must "vacate and set the judgment aside and . . . discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). "As a collateral challenge, a motion pursuant to [§ 2255] is reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "Indeed, relief under § 2255 is available only when the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . is apparent." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (cleaned up)).

The Court construes petitioner's *pro se* § 2255 motion liberally, but petitioner "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

4

244-45 (3d Cir. 2013); see *Sears v. United States*, No. CR 08-229, 2016 WL 757763, at *3 (W.D. Pa. Feb. 26, 2016).

### III.    Discussion

Defendant alleges that his counsel should have filed a writ of certiorari between the Supreme Court's holding in *Erlinger* on June 21, 2024, and the cert deadline of July 8, 2024. However, since the Supreme Court is unlikely to consider any issue that was not presented to the circuit court, Defendant's stronger argument is that his counsel was ineffective earlier when he did not raise *Wooden*'s "separate occasions" standard, which was set forth on March 7, 2022, while Defendant's appeal in the Third Circuit was still pending. Indeed, almost immediately after *Wooden* was handed down, the government conceded that the ACCA inquiry is one that should be submitted to a jury, as the Supreme Court ultimately confirmed in *Erlinger*. Regarding even this stronger claim, since Defendant has failed to show that any deficiency by counsel prejudiced him, Defendant's ineffective assistance of counsel claim necessarily fails. At base, there is no reasonable probability that a jury would decline finding that Defendant committed three separate offenses, triggering the application of the ACCA sentencing guideline enhancement.

### A.    Applicable Law

To demonstrate that counsel was constitutionally ineffective, a defendant must show (1) that counsel's performance in representing the defendant "fell below an objective standard of reasonableness" and (2) that the defendant was prejudiced as a result. *Lee v. United States*, 582 U.S. 357, 363 (2017) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). If a defendant fails to demonstrate either ineffective performance or prejudice, the claim fails and the inquiry may end without needing to review the remaining element. *Strickland*, 466 U.S. at 697. Thus, this court is not required to review both prongs or to review them in any particular order. *Id.* Indeed,

5

the *Strickland* Court recognized that "[i]f it is easier to dispose of an ineffective claim on the ground of lack of sufficient prejudice, which we expect will of be so, that course should be followed." *Id.*

In the present context, showing prejudice requires Defendant to show that, had his counsel raised the *Wooden*/*Erlinger* issue on appeal, there would have been a "reasonable probability," *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), that Defendant would have succeeded in foreclosing application of ACCA by showing that Defendant did not have three previous convictions that were committed on "occasions different from one another," 18 U.S.C. § 924(e). On appeal, the Court's ACCA determination would have been subject to review under the plain error standard. *Johnson v. United States*, 520 U.S. 461, 467 (1997).

### B.      Analysis

Here, even if defense counsel timely raised the *Wooden*/*Erlinger* issue on appeal, Defendant would not be able to show that there was plain error in the application of the ACCA to his case. That is because a properly instructed jury would have found that the offenses were committed on separate occasions because of their spatial and temporal separation. Defendant's presentencing report was undisputed at sentencing and set forth the details of the Defendant's five prior convictions. Three incidents occurred in Bristol Township on September 23, 2006, April 9, 2013, and May 1, 2013; a fourth incident took place in Philadelphia on September 27, 2006; and a fifth incident occurred in Levittown on May 6, 2013. Defendant has given this Court no evidence to suggest that a reasonable jury could come to a different result. Since Defendant was not prejudiced when counsel failed to highlight *Wooden* for the court of appeals nor when counsel declined to file a writ of certiorari considering *Erlinger*, Defendant's ineffective assistance of counsel claim cannot prevail.

6

## CONCLUSION

For the foregoing reasons, Defendant's Motion is denied without further proceedings. An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ John Milton Younge*

**Judge John Milton Younge**